UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RONNIE JOE HILLSBERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-0211-CVE-TLW |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of** | ) | |
| **Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court is the Report and Recommendation (Dkt. # 18) recommending that the Commissioner's decision denying plaintiff's claim for disability benefits be reversed and remanded. Defendant has filed an objection (Dkt. # 19) to the Report and Recommendation, and plaintiff has responded (Dkt. # 20) to the objection.

**I.**

On June 22, 2012, plaintiff filed an application for disability benefits. Dkt. # 9, at 139. Plaintiff's application was denied initially and upon reconsideration, and he requested a hearing before an administrative law judge (ALJ). Id. at 67, 69.

A hearing was held before an ALJ and, on September 13, 2013, the ALJ issued a written decision denying plaintiff's claim. Plaintiff had not engaged in any substantial gainful activity since September 15, 2011, and he had the severe impairment of diabetes mellitus with neuropathy. Id. at 17. The ALJ considered plaintiff's allegations that he suffered from depression and that he received a diagnosis of depression from the Jack C. Montgomery Veterans Affairs Medical Center on August 4, 2011. However, the ALJ found plaintiff's allegations only partially credible due the results of

mental examinations by two non-examining psychologists from the State Disability Determination Division showing that plaintiff had no limitations in activities of daily life and mild limitations in social functioning. Id. at 18. The ALJ concluded that plaintiff's depression was not severe and it caused only minimal limitation in his daily activities. At step three, the ALJ did not find that plaintiff had a mental impairment meeting the paragraph B criteria, because plaintiff had only mild, as opposed to marked, limitations in social functioning and concentration, persistence, or pace and no limitations as to performing daily activities. Id. at 19. Plaintiff sought treatment from the United States Department of Veterans Affairs (VA) for diabetes and neuropathy related to exposure to Agent Orange. Id. at 20. The ALJ stated that physicians for the VA opined that plaintiff had an overall disability rating of 80 percent and he should be paid disability benefits at the rate of 100 percent effective September 15, 2011.[1] Id. at 21. Notes of plaintiff's treatment at the VA showed no abnormalities following an examination of plaintiff's feet, and he gave little weight to the findings of the VA physicians as to any physical or mental limitations. The ALJ concluded that plaintiff's diabetes could be controlled with treatment and he found that plaintiff engaged in a wide range of activities such as walking, traveling, and square dancing. Id. at 22. The ALJ found that plaintiff could return to his past relevant work as a draft cad operator and resolved plaintiff's claim for disability benefits at step four, but the ALJ also made alternative step five findings that there were jobs in sufficient numbers in the regional and national economies that plaintiff could perform with his RFC. Id. at 23.

---

[1]  The ALJ's statement is incorrect. The VA found that plaintiff had previously been assigned a 50 percent disability rating due to major depressive order, but it increased this to a 100 percent rating effective October 5, 2011. Id. at 228.

2

Plaintiff requested that Appeals Council review the ALJ's decision, but the Appeals Council found to basis to review the decision and the ALJ's written decision became the final decision on plaintiff's claim for disability benefits. Id. at 4-5. Plaintiff filed this case seeking judicial review of the denial of his claim for disability benefits. The matter was referred to a magistrate judge for a report and recommendation, and the magistrate judge has recommend that the Court remand the case for further proceedings due to the ALJ"s failure to properly examine the VA's disability determination.

## II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within fourteen days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. FED. R. CIV. P. 72(b).

## III.

Defendant objects to the magistrate judge's recommendation to remand this case for further proceedings due to the ALJ's failure to adequately explain why he was rejecting the VA's determination that plaintiff was disabled. Dkt. # 19. Defendant argues that the medical evidence supports the ALJ's decision to reject the VA's disability findings and any error by the ALJ was harmless.

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." *Id*. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." *Allen*, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him] from performing [his] past relevant work. *See Id.* Even if a claimant is so impaired, the agency considers, at step five, whether [he] possesses the sufficient residual functional capability to perform other work in the national economy. *See Id.*

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The ALJ decided this case at step four of the analysis but he also made alternative step five findings. Step four has three separate phases:

> In the first phase, the ALJ must evaluate a claimant's physical and mental [RFC], *see* SSR 86-8, Soc. Sec. Rep. Serv., Rulings 1983-1991, 423, 427 (West 1992), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. 20 C.F.R. § 404.1520(e). In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one.

Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). If a claimant can perform his or her past relevant work, the claimant is not disabled and the ALJ is not required to continue to step five of the analysis. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). At step five, the ALJ must consider a claimant's RFC, age, education, and work experience to determine if other work exists that a claimant is able to perform. Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988). If the claimant can adjust to work outside of his past relevant work, the ALJ shall enter a finding that the claimant is not disabled. 42 U.S.C. § 423(d)(2)(A). However, the ALJ must find that a claimant is disabled

if insufficient work exists in the national economy for an individual with the claimant's RFC. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010).

The Commissioner bears the burden to present sufficient evidence to support a finding of not disabled at step five of the review process. Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir. 1991). The Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

The VA's finding that a claimant is disabled is not binding on the Social Security Administration, but evidence that the VA has found a claimant to be disabled must be considered by the ALJ and the ALJ must explain why the evidence is not persuasive. Grogan v. Barnhart, 399 F.3d 1257, 1262 (10th Cir. 2005). It is not sufficient for the ALJ to note that the Social Security Administration and the VA apply different standards to determine if a claimant is disabled, and remand is required if the ALJ does not explain his basis for rejecting the VA's finding of disability. Kanelakos v. Astrue, 249 F. App'x 6, 8 (10th Cir. Sep. 12, 2007); Goodwin v. Astrue, 2008 WL 1767084 (W.D. Okla. Apr. 16, 2008). A federal district court may not create a post-hoc

rationalization for rejecting the VA's findings and the court must also take into account at step two that a claimant must make only a de minimus showing that a severe impairment exists. Grogan, 399 F.3d at 1263.

At step four, the ALJ stated that the he "accepted" the diagnosis of VA physicians that plaintiff had major depressive order and neuropathy but he did not give much weight to the limitations found by the physicians. Dkt. # 9, at 21. However, the ALJ did not explain what those limitations were and he apparently based his rejection of the VA's finding of disability based on treatment notes from a single visit to a VA physician on October 18, 2012 during which plaintiff reported he was "doing well." Id. at 21. The ALJ did not incorporate any mental limitations into plaintiff's residual functional capacity (RFC), and found that plaintiff had the RFC to "perform light work as defined in 20 CFR 404.1567(b) in that he . . . can lift and/or carry 20-pounds occasionally, ten-pounds frequently, stand or walk six-hours in an eight-hour workday, and can sit six-hours in an eight-hour workday, all with normal breaks." Id. at 19. The ALJ found at step two that plaintiff's depression was not severe but he did not discuss the VA's disability determination at step two.

The Court agrees with the magistrate judge's recommendation that the case should be remanded for further proceedings in light of the ALJ's failure to adequately explain why he rejected the VA's finding that plaintiff was disabled due to major depressive disorder. The ALJ noted that that plaintiff was found to be 100 percent disabled by the VA but he misstated the basis for the VA's disability determination and he failed to examine the underlying treatment records concerning plaintiff's depression. Defendant argues that any error was harmless because there is substantial evidence in the administrative record supporting the ALJ's decision to give little weight the VA's disability determination. However, the Court will not allow defendant to offer a post-hoc

rationalization for findings that should have been made by the ALJ, and the Court does not find that the error is harmless. The ALJ found at step two that plaintiff's depression was not severe, but he did not discuss the VA's disability determination based on major depressive order at step two. The ALJ also included no mental limitations in plaintiff's RFC, even though depression was the basis for the VA's award of disability benefits. The Court does not conclude that ALJ's failure to explain his basis for rejecting the VA's disability determination can be viewed as harmless, and the case should be remanded to allow the ALJ to make the necessary findings on this issue.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 18) is **accepted**. The Commissioner's decision to deny plaintiff's claim for disability benefits is **reversed and remanded**. A separate judgment is entered herewith.

**DATED** this 24th day of August, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE