UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

RONNIE JOE HILLSBERRY, )
)
        Plaintiff, )
)
v. ) Case No. 15-CV-0211-CVE-TLW
)
NANCY A. BERRYHILL,[1] )
Acting Commissioner of )
Social Security, )
)
        Defendant. )

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion for Award of Attorney Fees pursuant to the Equal Access to Justice Act (Dkt. # 23). Plaintiff seeks an award of attorney fees of $6,842.60 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Defendant objects to plaintiff's motion for EAJA fees and argues that its position was substantially justified.

On April 24, 2015, plaintiff filed this case seeking judicial review of a decision by the Commissioner of Social Security denying his claim for disability benefits. Dkt. # 2. The matter was referred to a magistrate judge for a report and recommendation, and the magistrate judge recommended that the Court reverse and remand the case for further administrative proceedings. The magistrate judge stated that the administrative law judge (ALJ) did not adequately explain his reasons for rejecting a disability determination by the United States Department of Veterans Affairs

---

[1]    Carolyn W. Colvin is no longer the Acting Commissioner of the Social Security Administration, and Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Under Federal Rule of Civil Procedure 25(d), Berryhill is automatically substituted as the defendant and the parties do not need to file a motion to substitute the party defendant.

(VA), and the ALJ's summary of the VA's findings was inaccurate. Dkt. # 18. Defendant objected to the report and recommendation. Dkt. # 19. The Court accepted the magistrate judge's report and recommendation and remanded the case for further administrative proceedings. Dkt. # 21. The Court rejected defendant's argument that the ALJ's failure to more fully discuss the VA's disability determination was harmless error. Id. at 6-7.

Plaintiff has filed a motion for attorney fees under the EAJA. Dkt. # 23. Under the EAJA, "a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007). Defendant does not dispute that plaintiff is a prevailing party and does not assert that there are any special circumstances that would make an award of fees unjust in this case. Dkt. # 24. The only dispute here is whether defendant's position was substantially justified. Id. Defendant bears the burden of showing that her position was substantially justified by proving her case "had a reasonable basis in law and in fact." Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988); see also Hackett, 475 F.3d at 1172. In other words, defendant must show her position was "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Defendant's "position can be justified even though it is not correct." Id. at 566 n.2.

Defendant argues that there was evidence in the administrative record that contradicted the VA's disability determination, and the Court's determination that the ALJ failed to adequately explain his basis for giving the VA's decision little weight does not mean that the ALJ's decision was factually or legally unreasonable. Dkt. # 24, at 3. The magistrate judge did note that there was evidence in the administrative record that conflicted with the VA's disability determination. Dkt.

# 18, at 13. However, the magistrate judge also explained that remand for further administrative proceedings was required due to the "ALJ's misreading of the evidence, conflicting findings, and cursory discussion of the VA disability rating . . . ." Id. at 12. The requirement to fully discuss the VA's disability decision and the supporting evidence was required by regulation and by published Tenth Circuit precedent. 20 C.F.R. § 416.904;[2] Grogan v. Barnhart, 399 F.3d 1257 (10th Cir. 2005). Defendant asks the Court to find that her position was substantially justified, even if not adequately explained in the ALJ's written decision, because a wrong decision can substantially justified as long as it is not unreasonable. See Madron v. Astrue, 646 F.3d 1255, 1257 (10th Cir. 2011) ("When a district court reviews an EAJA application, however, it considers (among other things) whether the government's litigating position enjoyed substantial justification in fact and law; that is, whether its litigating position was *reasonable* even if *wrong*."). The Court does not find that defendant's litigation position was reasonable. The ALJ's decision to give little weight to the VA's disability determination was based on a cursory analysis, and the analysis that was performed misstated the record and failed to consider the treatment records from the VA. Dkt. # 21, at 6. The Court finds that defendant's litigation position was not substantially justified, and plaintiff's motion for EAJA fees (Dkt. # 23) should be granted.

---

[2]  This regulation has been amended since the date of the ALJ's decision, and the amended version took effect on March 27, 2017. The version of 20 C.F.R. § 416.904 in effect when the ALJ issued his decision stated that another agency's disability determination was not binding, but the ALJ was required to explain why the other agency's decision was not persuasive. The amended version states that another agency's disability determination is not binding and the ALJ is not required to provide any analysis of that decision. However, the ALJ must consider the evidence underlying another agency's disability determination.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Award of Attorney Fees pursuant to the Equal Access to Justice Act (Dkt. # 23) is **granted**, and plaintiff shall be awarded attorney fees in the amount of $6,842,60.  A separate judgment is entered herewith.

**DATED** this 4th day of April, 2017.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE